**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN H.; ALEX H., | No. 19-16775 |
| Plaintiffs-Appellants, | D.C. No. 3:17-cv-03095-MMC |
| v. | |
| BLUE SHIELD OF CALIFORNIA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted November 18, 2020
San Francisco, California

Before: TASHIMA, NGUYEN, and HURWITZ, Circuit Judges.

Brian H. and Alex H. appeal a district court judgment in favor of Blue Shield

of California and others in this ERISA action seeking coverage for Alex's two-

month stay at a residential mental health treatment facility. We have jurisdiction

under 28 U.S.C. § 1291. Because the ERISA plan at issue "explicitly grants the

administrator discretion to interpret the plan's terms," we "review Blue Shield's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

decision for abuse of discretion." *Harlick v. Blue Shield of Cal.*, 686 F.3d 699, 707 (9th Cir. 2012). As Blue Shield "has a conflict of interest in deciding whether to grant or deny benefits," our review is "tempered by skepticism," *id.*, and we must consider any "procedural irregularities" in the processing of the claim, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2006) (en banc). Applying that standard of review, we affirm the district court's conclusion that Blue Cross did not abuse its discretion in denying the benefits sought.

1. Although not disputing that Alex required care for mental health, Blue Shield denied benefits for a residential program as not medically necessary because Alex would not present a significant risk of harm to himself or others if treated in a less intensive setting. In doing so, it relied on the Magellan Health, Inc. Residential Treatment, Psychiatric, Child and Adolescent Guidelines ("Magellan guidelines") and the opinions of at least five psychiatrists, three of whom were not affiliated with Blue Shield. Appellants claim that the Magellan guidelines do not reflect generally accepted professional standards, as required by the ERISA plan at issue. But, the district court found that Appellants did not establish this claim, reasonably relying on a psychiatrist's declaration that "the [Magellan] guidelines are consistent with generally accepted professional standards."

2. Appellants argue that Blue Shield procedurally erred by failing to consider a report from a treating physician about risk of self-harm. The record does

not make clear if this report was ever submitted to Blue Shield by Appellants. But, even assuming it was, an independent medical reviewer acting on behalf of the California Department of Managed Health Care did consider it, and nonetheless concluded that residential treatment was not medically necessary. Any procedural error therefore would not have affected the outcome of the appeals process.

3.    Even assuming that a procedural irregularity occurred when a Blue Shield medical director decided the third appeal without consultation with a health care specialist, *see* 29 C.F.R. § 2560.503-1(h)(3)(iii), that error was harmless. The repeated basis for denial of benefits was that Alex did not present the requisite risk of harm to himself or others to justify residential treatment, and no new information was presented on that issue by any physician in connection with the third appeal.

4.    Blue Shield was neither required under 29 C.F.R. § 2560.503-1(g) to list all of the Magellan guidelines in its initial denial letter, nor, having offered to provide Appellants a copy of the guidelines upon request, to supply one absent a request. Denial of the first appeal was not deficient for failing to cite from the Magellan guidelines verbatim, *see id.* § 2560.503-1(j), nor, after review of the record by two additional specialists, for including additional reasons for denial than originally offered. Nor did Blue Shield err by citing the Milliman Care Guidelines in denying the second and third appeals, as those guidelines, like the Magellan guidelines upon which the reviewers also relied, characterized residential treatment

3

as not medically necessary in the absence of risk of harm to self or others.

**AFFIRMED**.